# IN THE COURT OF APPEALS OF IOWA

No. 22-2055
Filed March 8, 2023

**IN THE INTEREST OF J.H.,**
**Minor Child,**

**T.R., Father,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Teresa Pope of Pope Law, PLLC, Des Moines, for appellant father.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Jami Hagemeier of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to a child born in 2021. He contends (1) the State failed to prove the grounds for termination cited by the district court; (2) the district court should have afforded him "additional time to work toward reunification"; (3) termination was not in the child's best interests; and (4) the district court "should have applied an exception to termination due to the closeness of the parent-child relationship."

## I.      *Grounds for Termination*

The district court terminated the father's parental rights pursuant to three statutory grounds.  The father challenges the evidence supporting all three.  With respect to the first—Iowa Code section 232.116(1)(h) (2022)—he contends the State failed to prove the child could not be returned to his custody.  With respect to the second and third—Iowa Code section 232.116(1)(d) and (i)—he contends the circumstances that led to the adjudication of the child as in need of assistance were corrected.  We will address all three grounds together.

The department of health and human services intervened shortly after the child's birth, when hospital staff overheard the mother "screaming obscenities at her child" and "holding a blanket over the child's face."  The State applied to have the child temporarily removed from the mother's custody.  The district court granted the application, and the department placed the child "in the custody of a maternal aunt."  The aunt turned out to be an inadequate caretaker, and the child was transferred to the department's custody for placement in foster care.  The child was later adjudicated in need of assistance.

Paternity testing confirmed the identity of the child's father. The district court found that he "began consistent and enthusiastic participation in services." The court determined the child could "be safely placed in [his] custody after a brief transition and planning period." The child was soon returned to the father's temporary custody.

The reunification was short-lived. The department learned the father was having contact with the mother. The father had earlier obtained the dismissal of a criminal no-contact order in his favor, filed after the mother vandalized his vehicle. In his affidavit seeking dismissal, he expressed an intent to marry the mother. According to the department, the agency "had been clear with the father that he was not to allow the mother access to the child given the tumultuous and violent history and given the mother's unaddressed and significant mental-health needs."

The State applied to have the placement modified. The district court granted the request, and the child was returned to department custody for placement in relative care or foster care. Although the mother's parental rights were ultimately terminated, the department's goal remained reunification with the father.

That goal could not be fulfilled because the father continued his relationship with the mother. The father understood his ongoing contact jeopardized his parental rights. He acknowledged receiving warnings from the department, the court, service providers, and his own therapist, and he acknowledged ignoring those warnings.

The child's guardian ad litem moved to curtail the child's transition to the father's home. The district court changed the goal from reunification with the father

to termination of his parental rights and, as noted, granted the State's termination petition.

On our de novo review, we agree with the district court that the child could not be returned to the father's custody and the father failed to correct the circumstances that led to the child's adjudication as a child in need of assistance. *See* Iowa Code § 232.116(1), (d)(2), (h)(4), (i)(3).

## II.   *Additional Time*

The father contends the district court should have granted him additional time to reunifiy.  *See id.* § 232.104(2)(b).  The father was afforded a six-month extention to achieve reunification.  He squandered the opportunity by maintaining a relationship with the mother.  We conclude an additional period of time was not warranted.

## III.   *Best Interests*

Termination must be in the child's best interests.  *Id.* § 232.116(2).  The district court determined the requirement was satisfied.  The court reasoned:

> If [the child] is returned to [the father's] custody [the mother and father] will continue to interact with [the child] together.  Their violent relationship and [the mother's] unresolved mental health and substance use issues will continue to endanger [the child].  [The child] should not be subjected to this volatility and danger.
> Given the course of the last almost two years, there is no evidence that [the father] will gain insight into the dangers to [the child] in the foreseeable future.

On our de novo review, we agree with this reasoning.

## IV.   *Closeness of Parent-Child Bond*

The father contends the district court should not have terminated his parental rights in light of his close relationship with the child.  *See id.*

§ 232.116(3)(c).  While we have no reason to doubt the father's testimony that he had a "strong" bond with the child and she lit up every time she saw him, the father failed to prioritize that bond over his relationship with the mother.  As the department caseworker testified, he "lack[ed] insight into the mother's mental health and the risk that she pose[d] to" the child.  We conclude the district court appropriately denied this exception to termination.

**AFFIRMED.**